UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ABUHALTM, Noman,<br>  Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of<br>United States Department of Homeland<br>Security (USDHS), in her official capacity,<br><br>and<br><br>JOSEPH B. EDLOW Director,<br>United States Citizenship and Immigration<br>Services (USCIS), in his official capacity;<br><br>and<br><br>MICHAEL KLINGER, Detroit Field Office<br>Director, USCIS, in his official capacity;<br><br>  Respondents.<br>_____/ | **ORDER DISMISSING CASE**<br><br>**Case Number: 2:25-cv-12890**<br><br>**AGENCY CASE NUMBER:**<br>WAC1413500151 (I-751)<br><br>HON. JUDGE F. KAY BEHM<br><br>MAG. JUDGE DAVID R. GRAND |

**ORDER DISMISSING CASE**

Petitioners submitted a notice of voluntary dismissal and withdrawal of Petition for Writ of Mandamus with a request for issuance of an order dismissing the case under Federal Rules of Civil Procedure 41(a)(1)(A)(ii) on January 22,

2026. The request also stated that each party will bear its own costs, expenses, and attorneys' fees. Based on the court's review of the request, the voluntary dismissal complies with rule 41(a)(2)'s requirements for a dismissal without prejudice.[1] The court will therefore dismiss the case without prejudice.

**WHEREFORE,** it is **ORDERED** that the case is **DISMISSED WITHOUT PREDJUDICE.**

**IT IS FUTHER ORDERED** that each party must bear its own costs, expenses and attorneys' fees.

This is a final order that closes the case.

Date: January 23, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge

---

[1] Fed. R. Civ. P. 41(a)(1)(A)(ii) permits a plaintiff to dismiss a case without a court order, but requires a stipulation "signed by all parties who have appeared." The notice at ECF No. 9 is not a stipulation signed by all parties, so is ineffective under that provision. It would be properly brought if a notice under Rule 41(a)(1)(A)(i) ("a notice of dismissal before the opposing party serves . . . an answer"). But because Plaintiff requests an order of the court antecedent to dismissal, this dismissal is instead by court order entered at plaintiff's request and on proper terms under Rule 41(a)(2).